*James, for appellants.*

*Sweeney, for appellee.*

---

### R. A. JOHNSON v. CHARLES OBET.

**Municipal Corporation—Street Improvement—Lien for, How Created—Ordinance Must be in Accord With Charter.**

The ordinances, resolutions and the contracts, under which a lien is created upon the abutting lots, for payment of the expense incurred in grading, paving and curbing a street, must pursue the charter of the city with strictness in order to give them legal validity.

**Muncipal Corporations—General Council—Journal of Proceedings—How Kept—Evidence.**

The journals of a city council kept in conformity with law, like legislative journals or the order book of a court, constitute the only competent evidence of what was actually done by the council, and if properly kept are conclusive upon the subject.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 13, 1871.

OPINION BY JUDGE LINDSAY:

The ordinances and resolutions and the contracts under which it is claimed that a lien was created upon the lots of appellants for a payment of a portion of the expense incurred in grading, paving and curbing Jacob street, can have that effect only in case the charter of the city has been pursued with that degree of strictness necessary to give to said ordinances and resolutions legal validity.

It is not enough that the same should have been passed by the general council by the requisite majorities, and approved by the mayor, but it is also essential that these facts be made to appear by that character of evidence required by the city charter.

Section 7, Article 3, of the city charter of 1851, requires each branch of the council to keep a corret journal of its proeeedings, and immediately after the adjournment of each session to cause the proceedings of that session to be published. These journals kept in conformity with law, like legislative journals or the order book of a court, constitutes the only competent evidence of what was actually done by the two boards of the council, and if properly kept are conclusive upon that subject.

In this case we have as a foundation of the action, a transcript of certain ordinances, resolutions and orders purporting to have been passed and made by the general council of the city of Louisville, attested by J. M. Vaughan, clerk of board of common council. Whether he is the keeper of the official books of the city, or from what book or record this copy attest is taken, does not appear.

It seems, however, from the oral testimony of Mr. Vaughan that he is and was the clerk of the board of common council during the years 1868 and 1869. He says that when said board was in session he made memoranda of the proceedings upon slips of paper, that he afterwards copied the same upon other slips and furnished these copies to the city newspapers for publication. That he cut the published proceedings from the newspapers and pasted them in a book, and that they were

44

finally copied from this book into another book which the witness called a "journal." It does not appear that the book containing the printed slips cut from the newspaper, nor the book into which they were afterwards copied were ever submitted to, inspected or approved by either of the boards of the general council.

Such books can not be regarded as journals kept by each board of said council, but rather as books kept by the clerks of said boards, containing a record not of proceedings actually had by said boards, but of the impressions made upon the minds of the two clerks.

Such records can not be received as evidence in courts of justice in cases like this when the property of the citizen sought to be subjected to the payment of a debt which he did not contract, and which he has neither ratified nor confirmed either directly or indirectly. (*City of Louisville v. McKedney,* M. S. S.)

Wherefore the judgment of the chancellor subjected to the payment of the claim sued on, the property of appellants is reversed and the cause remanded for further proceedings consistent with this opinion.

*Barret & Roberts, Woolley, for appellant.*

*Barnett, Harrison, for appellee.*

